Contracts; interpretation; patent ambiguity; duty to inquire. — On January 4, 1974 the court issued the following-order :
“This case is before the court for review under the standards of the Wunderlich Act, 41 U.S.C. 322, having been sub *739 mitted to the court directly under Buie 166 (b) on tbe parties’ cross-motions for summary judgment and the briefs and oral argument of counsel. Plaintiff contends that a decision of the Armed Services Board of Contract Appeals, Fermont Division., Dynamics Corporation of America, 71-2 BCA ¶9022, is erroneous as a matter of law. Upon consideration thereof, we conclude that the decision below is correct and we adopt the same as the basis for our decision. Plaintiff contracted to furnish diesel generators. Incorporated specifications for batteries provided that electrolyte (battery acid) was not required. Engine specifications called for electrolyte unless otherwise specified. There was a history of previous procurement, of which plaintiff should have been aware, reflecting confusion as to electrolyte, that called for administrative corrections. Defendant’s contracting officer insisted that electrolyte be furnished. Plaintiff asked for an equitable adjustment as for an extra. The Board held that the contract and specifications were, taken as a whole, ambiguous, but that the ambiguity was patent. It was not reasonable for plaintiff to rely on its interpretation without inquiry. The Board correctly cited, among other cases, Jamsar, Inc. v. United States, 194 Ct. Cl. 819, 442 F. 2d 930 (1971).
“it is therefore ordered that plaintiff’s motion for summary judgment is denied, that defendant’s like cross-motion is granted and that plaintiff’s petition is dismissed.”
Plaintiff’s petition for writ of certiorari was denied June 10,1974,417 U.S.-.